Borough of Media and The Media Municipal Authority, Petitioners v. The Pennsylvania Public Utility Commission, Respondent.

Hearing on August 5, 1980, before Judge ROGERS.

*D. Barry Gibbons, Gibbons, Buckley, Smith, Palmer and Proud,* for petitioner, Borough of Media.

*Edward M. Gallagher,* for petitioner, Media Municipal Authority.

No appearance for respondent.

Opinion by Judge Rogers, August 21, 1980:

The Borough of Media owns and operates the Media Water Company which provides water service to customers in the Borough and also outside the Borough, including among the latter customers resident in the Townships of Nether Providence, Middletown and Upper Providence.[1] The Borough's rates and services to customers outside the Borough are of course subject to regulation by The Pennsylvania Public Utility Commission (PUC). The Borough wants to transfer all of its right, title and interest in the Media Water Company to the Media Municipal Authority, an Authority created by the Borough some time ago and heretofore used as the financial arm of the Media Water Company. The Authority has not been engaged in operating the Media Water Company. One of the purposes of the proposed transfer is that the rates of the Media Water Company might be relieved of regulation by the PUC.

On May 9, 1980, the Court of Common Pleas of Delaware County at the suit of the townships above named enjoined the Borough from effecting the transfer of the Media Water Company's properties to the Authority pending a determination by PUC of the propriety of the transfer.

On May 22, 1980, the Borough and the Authority filed in this court the Petition for Review seeking a declaratory judgment with respect to PUC's jurisdiction over the transfer and with respect to whether the Borough is required to obtain a Certificate of Convenience from PUC prior to abandoning its service to customers outside the Borough.

---

[1] These townships filed an application to intervene as parties respondent. The application was denied on the ground that their interests were adequately represented by the Pennsylvania Public Utility Commission (PUC).

On May 23, 1980, the Borough filed with PUC an application for a Certificate of Public Convenience reserving, however, the question of PUC's jurisdiction of the abandonment of service of the transfer to the Authority.[2]

PUC has filed preliminary objections to the Borough and Authority's Petition for Review on the ground, *inter alia,* that PUC has exclusive jurisdiction over the matter of the proposed abandonment of out-of-Borough service and that therefore this court has none. The Borough and the Authority have filed a motion for summary relief pursuant to R.A.P. 1532(b), founded on their assertion that PUC has no jurisdiction of the abandonment of service by the Borough by transfer of the Water Company properties to the Authority. The question is one requiring us to construe provisions of the Public Utility Code, 66 Pa. C. S. §101 et seq.

The pertinent definitions found at 66 Pa. C. S. §102 are:

'Corporation'. All bodies corporate ... but shall not include municipal corporations, except as otherwise expressly provided in this part. ...

'Municipal Corporation'. All boroughs, ....

'Public Utility'.

(1) Any person or corporations now or hereafter owning or operating ... equipment or facilities for:

. . . .

(ii) Diverting, developing, pumping, impounding, distributing, or furnishing water to or for the public for compensation.

---

[2] Another proceeding growing out of the Borough's proposal to transfer the water company is an application made by Nether Providence, Middletown and Upper Providence Township to PUC for a declaratory order enjoining the Borough from making the transfer without PUC approval which seems still to be pending in the PUC.

The rates and services of municipal corporations serving the public beyond their corporate limits are the subject of the following provisions.

Section 1301—Rates to be just and reasonable. (66 Pa. C. S. §1301) [in pertinent part]

. . . Only public utility service being furnished or rendered by a municipal corporation, or by the operating agencies of any municipal corporation, beyond its corporate limits, shall be subject to regulation and control by the Commission as to rates, with the same force, and in like manner, as if such service were rendered by a public utility.

Section 1501. Character of service and facilities. (66 Pa. C. S. §1501) [in pertinent part]

. . . Any public utility service being furnished or rendered by a municipal corporation beyond its corporate limits shall be subject to regulation and control by the commission as to service and extensions, with the same force and in like manner as if such service were rendered by a public utility.

Section 1102 deals with the acts which require PUC Certificates of Convenience, pertinently as follows:

(a) General rule.—Upon the application of any public utility and the approval of such application by the commission, evidenced by its certificate of public convenience . . . it shall be lawful:

. . . .

(2) For any public utility to abandon, in whole or in part, any service. . . .

The petitioners argue, cogently enough, that since under the definitions a municipal corporation is not a corporation and a public utility is only a person or corporation, a municipal corporation is not a public utility. They then point to other sections of the Public

Utility Code, including Sections 1301 and 1501, as examples of the kind of express inclusions of municipal corporations within the meaning of the word corporations intended by the phrase "except as otherwise expressly provided" appearing in the Code's definition of corporations. They note that Section 1102 in dealing with Certificates of Convenience does not expressly state that municipal corporations are regulated thereby and hence that it was not intended that a municipal corporation should be required to obtain a Certificate of Convenience to abandon service. We are afraid that the petitioners' argument depends too much on form and too little on substance.

Section 1501 says that a municipal corporation's service beyond its corporate limits shall be subject to PUC regulation and control "with the same force and in like manner" as if the service were rendered by a public utility. Section 1102(a)(2) provides that a public utility may not abandon service without first obtaining a Certificate of Convenience. Clearly an essential, if not the most essential, aspect of the regulation of service is the regulation of the circumstances under which it may be abandoned. A municipal corporation subject, as Section 1501 provides, to PUC regulation of service beyond its limits would hardly be so regulated, "with the same force and in like manner" (as Section 1301 requires) as a public utility, if it could abandon service without first obtaining the approval by Certificate of Convenience of the PUC as every other public utility must, under Section 1102(a)(2).

Further, we are required to construe statutes so as to avoid ridiculous results. To provide that the rates and services of a municipal corporation to customers beyond its limits should be subject to regulation of all aspects of its activities except that of abandoning the service strikes us as absurd.

540

The petitioners' argument based on provisions of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §301 et seq., rendering PUC without power to regulate the acquisition of utility properties by municipal authorities is without effect. The question is not whether the Media Water Authority can acquire the properties without PUC approval but whether the Borough can abandon service by surrender of its properties without obtaining a Certificate of Convenience.

Having concluded that the Borough must obtain a Certificate of Convenience, we enter the following:

ORDER

AND Now, this 21st day of August, 1980, after hearing, PUC's preliminary objection in the nature of a petition raising a question of jurisdiction is sustained; the petitioners' motion for summary relief under R.A.P. 1532(b) is overruled; and the Petition for Review is dismissed.